[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Connecticut Superior Court in Danbury or on plaintiff mother's motion to suspend visitation, which motion is dated May 15, 1992.
A brief chronological synopsis of the facts is necessary in order to better understand the court's ruling.
Prior to August 1, 1991, the mother, father and child lived in Vermont. Prior to that date, a parentage action had CT Page 6322 been commenced in Vermont, however, no orders had been issued.
Since August, 1991, the mother and the child have continuously resided in the State of Connecticut.
On January 20, 1992, the Vermont court issued its first orders regarding the parentage petition which was filed on June 10, 1991.
On March 13, 1992, the mother filed a 46b-15
application in Connecticut, alleging, inter alia, that the husband threatened to kill the wife and the child. The court, West, J. presiding, entered an ex parte restraining order further granting custody of the minor child to the mother with no visitation rights to the father. The matter was continued to February 26, 1992 for a hearing on the merits. On February 26, 1992, the matter was again continued to March 2, 1992.
On March 2, 1992, the Connecticut court entered orders granting to the father specific rights of visitation. This order was to continue, pursuant to Connecticut law, for ninety (90) days.
On March 16, 1992, the parties appeared in Vermont and entered into a stipulated judgment.
On March 25, 1992, the child was examined by a doctor in Connecticut. On the basis of the doctor's report, a motion for emergency relief was filed on April 13, 1992, in Vermont. On April 14, 1992, at a status conference, the Honorable Francis B. McCaffrey ordered structured visitation for the father.
On April 23, 1992, the defendant filed a motion in Connecticut requesting that Connecticut modify its visitation orders of March 2 1992 to conform with the Vermont orders of March 16, 1992.
On May 15, 1992, the plaintiff filed a motion in Connecticut for modification or suspension of visitation.
Judge Mihalakos contacted Judge McCaffrey by telephone and it was agreed that a conference call with all of the attorneys present should be had on June 8, 1992, at 9:00 A.M., to determine which court should exercise jurisdiction.
Those attending the conference call in Connecticut were Judge Mihalakos, Attorney David Ball, Attorney Merrill CT Page 6323 L. Toole and Attorney Julie I. Foster. Attending in Vermont were Judge McCaffrey, Attorney Sigismund Wysolmerski and Attorney Linda Reis.
All of the parties were given an opportunity to express their views and opinions. The attorneys were then excused and Judge Mihalakos and Judge McCaffrey discussed the jurisdictional issue.
Whereupon, it was mutually decided that most if not all of the evidence concerning the child's welfare is in Connecticut, and that the child's significant connections lie within the state of Connecticut, and that the child's interest would be best served in that forum which has optimum access to relevant evidence about the child, i.e. Connecticut.
It is therefore ordered that Connecticut assume full jurisdiction of these proceedings.
Dated: July 7 1992 Dated: 6-29-92
JUDGE FRANCIS McCAFFREY JUDGE SOCRATES MIHALAKOS Rutland Family Court Superior Court, State of Connecticut